Curia, per

O’Neall, J.
The four first grounds are those which will be considered in this opinion. The others are considered as sufficiently answered by the report, or resolved by the verdict.
The first and second grounds are so intimately connected, that they must be considered together. Indeed, the matter of the second precedes the just consideration of the first. The original contract was, that the work to be done should be paid for in instalments. It is true that a contract, like this, can only be changed by a subsequent contract on a sufficient consideration. What that is, is very well settled to be any benefit to the party making, or injury to the party accepting the promise. In this case, $500 was added to the price to induce the plaintiff to go on with that which he had found to be an unprofitable contract. In the progress of the work various alterations were made by the defendant. These were certainly both a benefit to him, and an injury to the plaintiff, and may, therefore, very well support the promise to pay the whole price, $2500, deducting the interest on the instalments not due when the work was com *605 pleted. The jury were properly instructed, both as to the consideration and the promise, and having found on evidence which may well support their conclusion, we are bound to regard both the consideration and promise as established. Under this view of the case, there can certainly be no doubt that the plaintiff has established his first and third special counts. If, however, they were out of the question, still he is entitled to recover on the general indebitatus count for work, labor and materials. Chitty states the rule to be that, “ if preceded by the defendant’s request, then, however special the agreement was, yet if it were not under seal, and the terms of it have been performed on the plaintiff’s part, and the remuneration was to be in money, it is not necessary to declare specially, and the common indebitatus count is sufficient.” (1 Chit. PL 348.) The case of Merrill & Alderman vs. The Ithaca & Owego Rail Road Comp., (16 Wend. 586,) is an illustration of the rule. There, notwithstanding very special written contracts, yet inasmuch as the work was allowed to go forward after the day limited for its completion, it was held, after its completion, that the plaintiffs could recover on the common counts, referring to the special agreement for the guide of the recovery, wherever it could be traced and made to apply. In this case, the work was allowed to go forward after the time limited by the special contract, various alterations were made, and the work was completed, and the payment was to be in money. There is, therefore, an end to every possible objection.
On the third ground, it ought to be observed, that the defendant had no right whatever to complain of the charge of the Judge below. It certainly was very much in his favor, and hardly gave sufficient weight to the presumption that the price of the negroes had been settled, arising out of the fact of giving the note. For he left it to them as a mere matter to be judged from the evidence in this particular. Taken even in that point of view, the jury had enough to induce them to conclude that the price of the slaves was settled. There was no evidence that their price was to be in part payment of the work of the plaintiff. The two surviving were sold to the father of the de *606 fendant, in his presence, and the money paid ; he and the plaintiff retired to themselves to make some settlement, and the note of $146 50, dated 20th December, 1848, was given. It might be fairly concluded, from these facts, that the money received from Zachariah Ellerbe, in whole, or in part, was paid to the defendant, and the note given for the balance. But beyond all doubt, until explained or rebutted, the legal presumption from giving a note is, that all precedent indebtedness of the maker is covered by it. Cowen & Hill, in their notes to Philip’s Evidence, (2 vol. 315, note 306,) say that “ giving a promissory note, after the time of credit, for goods purchased by the maker of the payee, leads to a presumption that the price of the goods was included in the note.” This is enough for the matter involved in this ground:
The fourth ground is well taken, and there can be no doubt that the jury did wrong in stopping the interest on the plaintiff’s notes, set up by way of discount by the defendant at the time the plaintiff’s work was done, and when he ought to have been paid. For his, the plaintiff’s, demand rested on a mere verbal undertaking, and could not bear interest. . The case of Russell ads. Rogers (1 N. & McC. 24,) decides the very point. For there, it was held, that interest-on a promissory note could not be stopped. by accounts offered in discount, being credited successively as when due. The same rule must hold when a note is offered in discount of a demand not bearing interest; for a discount is in the nature of a cross action. Looked at in that way, there is no difficulty — the defendant is entitled to recover his notes and interest to the trial; this sum must be discounted from the amount of the plaintiff’s demand. From the calculation made by the plaintiff’s attorney, in his argument here, it appears that the interest on the plaintiff’s notes, if calculated to the trial, would have exceeded the amount allowed by the jury in that behalf $45 67. This sum must be allowed to the defendant. It is, therefore, ordered that the motion for new trial be granted, •unless the plaintiff shall, within thirty days after notice of this *607 order, remit on the record forty-five dollars and sixty-seven cents of his recovery; on that being done, the motion is dismissed.
Evans, Feost, Withees and Whitnee, JJ., concurred.
Motion granted, nisi.